**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **JERRY HALL,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0594 AS |
| | ) | |
| **JOHN VANNATTA,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about September 21, 2005, *pro se* petitioner Jerry Hall, an inmate at the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on January 18, 2006 in the nature of extensive brief with exhibits A through R4, as well as the affidavit of Amanda Robertson. Such complies with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on May 3, 2006, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the MCF in this district. He was the subject of a prisoner disciplinary proceeding in May 2005 entitled cause number MCF 05-05-0103. One of the sanctions included a recommendation for the loss of 180 days earned credit time which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Procedurally, the particular species of due process enunciated in *Wolff* has been complied with, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

It is very important that during the state administrative process claims must be presented or suffer procedural default. *See Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), and *Nelson v. McBride*, 912 F.Supp. 403 (N.D. Ind. 1996). Generally, the focus of these proceedings is on violations of federal law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Additionally, there must be a violation of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). Basically, simple violations of so-called ADP state regulations are under the rubric of state law under *Estelle*. *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).

Under the decision of *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993) authored by Judge Bauer, there is certainly a right to call witnesses and present evidence in a disciplinary hearing proceeding. However, the full-blown panoply of rights under the Sixth Amendment of the Constitution of the United States simply does not

apply, just as the full panoply of rights under the Fifth Amendment of the Constitution may not fully apply. These are not criminal court proceedings as such. *See Niam v. Ashcroft*, 354 F.3d 652 (7th Cir. 2005). Witnesses called must be relevant to the issues at hand. *See Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002).

Giving the matter generous consideration under the relevant due process clause of the Fourteenth Amendment as refined in *Wolff*, the petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** June 2, 2006

                                       **S/ ALLEN SHARP**
                                  **ALLEN SHARP, JUDGE**
                                  **UNITED STATES DISTRICT COURT**